UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TERRENCE POLLARD** § | | **CIVIL ACTION NO.:** |
| Plaintiffs § | | |
| § | | |
| **VERSUS** § | | **JUDGE** _____ |
| § | | |
| **ROBERT MASSEY, BLACK SHEEP** § | | |
| **TRUCKING, LLC., AND UNITED** § | | |
| **FINANCIAL CASUALTY COMPANY** § | | **MAG** _____ |
| Defendants § | | |

## NOTICE OF REMOVAL

**NOW INTO COURT,** through undersigned counsel, comes Defendant, United Financial Casualty Company ("UFCC"), and, reserving all rights and defenses under state and federal law, files this Notice of Removal of this cause entitled, *"Terrence Pollard v. Robert Massey, Black Sheep Trucking, LLC, and United Financial Casualty Company,* bearing Suit No. 2023-00231-G-11, from the Civil District Court for the Parish of Orleans to the United States District Court, for the Eastern District of Louisiana, pursuant to 28 U.S.C. §1441, et seq., and in support thereof, states as follows:

1.

The Removing Party UFCC has been made a defendant in the instant civil action brought in the Civil District Court for the Parish of Orleans, Suit No. 2023-00231-G-11, entitled, *"Terrence Pollard v. Robert Massey, Black Sheep Trucking, LLC, and United Financial Casualty Company"*. Copies of all documents from the suit record at the Civil District Court are attached hereto as Exhibit "A" and shall be supplemented if additional documents become available.

2.

Removing Party UFCC was served with process in this matter on or about January 30, 2023. Accordingly, this Notice of Removal is being filed within thirty (30) days after the receipt

by the removing defendant of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. (Exhibit "B")

## CONSENT TO REMOVAL

3.

Also made defendants in the state court action are Robert Massey and Black Sheep Trucking, LLC ("Black Sheep"). Upon information and belief, service has not been validly effected over either of these two defendants and the state court record reflects no evidence of service. See Exhibit "A."

4.

Robert Massey and Black Sheep, being unserved defendants, are not required to consent to this removal; however, in an abundance of caution, undersigned counsel for UFCC, who has also been retained to represent Robert Massey and Black Sheep, has obtained the consent of Robert Massey and Black Sheep to this removal by UFCC, per the attached Notice of Consent to Removal (Exhibit "C"). Robert Massey and Black Sheep reserve all rights and defenses and the consent to removal is not intended to serve as a full appearance or waiver of any objections to service, citation or any other defenses available under state or federal law. There are no other defendants in this action.

## DIVERSITY OF CITIZENSHIP

5.

This is a civil action over which this Court enjoys original subject matter jurisdiction pursuant to 28 U.S.C. § 1332 and is one which may be removed to this Court by the Defendants pursuant to the provisions of 28 U.S.C. § 1441(B), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest

and costs as set forth below.

6.

As set forth in the Petition for Damages, Plaintiff, Terrence Pollard, is a resident of and domiciled in the Parish of Orleans, state of Louisiana, and is deemed a citizen of the State of Louisiana.

7.

The Removing Party herein, UFCC, is and was at the time of filing, a foreign corporation engaged in the business of insurance. It is and was at the time of filing, incorporated in Ohio, with its principal place of business in Ohio. Accordingly, it is deemed a citizen of Ohio for purposes of federal diversity jurisdiction. It is neither incorporated in, nor has it ever had a principal place of business in the State of Louisiana.

8.

Defendant Robert Massey is a natural person of the full age of majority, who is and was at all material times domiciled in the state of Arkansas. At the time of the Petition's filing and through the present date, Robert Massey has been and continues to be domiciled exclusively in the state of Arkansas and was and still is a citizen of Arkansas. He is not, nor has he ever been, a resident or citizen of the State of Louisiana.

9.

Defendant, Black Sheep, is a juridical person that exists in the form of an Arkansas limited liability company, which is now and was at the time of filing, domiciled in the state of Arkansas and having its principal business address at 103 N. Walnut St., Strawberry, AR. Upon information and belief, Mr. Stayton Massey is and was at the time of filing the single member and sole owner of the limited liability company known as Black Sheep Trucking, LLC. At the

time of the Petition's filing and through the present date, Stayton Massey has been and continues to be domiciled exclusively in Arkansas and was and still is a citizen of Arkansas. He is not, nor has he ever been, a resident or citizen of the State of Louisiana. Upon information and belief, April Massey is and was at the time of filing designated as the Manager and Organizer of Black Sheep Trucking LLC. At all material times she is and has been domiciled in Arkansas and was and is a citizen of Arkansas. She is not, nor has she ever been, a resident or citizen of the State of Louisiana. No other persons had or have an interest in Black Sheep Trucking LLC. It is therefore deemed a citizen of the same state as its member, Stayton Massey, which is Arkansas.

10.

Complete diversity therefore exists between the plaintiff and all defendants, both served and unserved.

## JURISDICTIONAL AMOUNT IN CONTROVERSY

11.

The allegations and claims asserted in this matter arise out of a motor vehicle accident involving vehicles being driven by Plaintiff, Terrence Pollard, and Defendant, Robert Massey, which occurred on or about January 17, 2022, in Orleans Parish.

12.

Plaintiff, Terrence Pollard, has asserted claims for damages arising from the accident and the alleged fault of Robert Massey, which include personal injury, property damages, past and future medical special damages, past and future physical and mental pain and suffering, loss of enjoyment of life, permanent disability, general damages, and other tort damages.

13.

The Petition filed herein does not contain a specific monetary demand. However, the

Fifth Circuit has held that where the plaintiffs' petition fails to specify the amount in controversy, such as the case at hand, the Court may conclude that removal is proper if it is facially apparent that the claims are likely above the $75,000.00 threshold for diversity jurisdiction. *Menendez v. Wal-Mart Stores, Inc.,* 364 Fed. Appx. 62, 66-67 (5th Cir. 2010). On the other hand, if it is not facially apparent that the claims are likely above $75,000.00, the removing party may support federal jurisdiction by setting forth the facts in controversy that support a finding of the requisite amount. *Id.* The defendant may rely on summary judgment-type evidence, including affidavits and demands made by plaintiffs, to prove the amount in controversy. *See Luckett v. Delta Airlines, Inc.,* 171 F.3D 295 (5TH Cir. 1999).

14.

In the Petition, plaintiff alleges that Defendant, UFCC, issued a policy of liability insurance to Robert Massey, subject to the terms of a written policy, which UFCC maintains is the best evidence of its terms and conditions. The policy in question has liability limits for personal injury well in excess of the $75,000+ threshold for the exercise of federal diversity jurisdiction. (Defendants expressly reserve all rights and defenses regarding the terms and conditions of the policy and/or coverages, the inadmissibility of the insured status of defendants, the effect of foreign law on the policy and/or any related matters at trial).

15.

In connection with the above, the plaintiff himself expressly, by written correspondence addressed to representatives of UFCC, identified the amount in controversy in his own claim and made an express demand for sums exceeding the jurisdictional limits of this Court.  Specifically, by letter demand dated November 29, 2022, plaintiff, through his counsel of record, wrote to representatives of UFCC, itemizing the quantum of general and special damages sought by

plaintiff in this case in an amount approaching seven figures. Plaintiff's counsel stated in no uncertain terms that the amount "in controversy" or "at issue" in this case exceeds the jurisdictional threshold. The letter included, among other things, the following language:

TOTAL DAMAGES: $890,533.48

> It is the contention of the undersigned that Mr. Pollard's damages greatly exceed the limits of $750,000.00 held by your insured. Since your insured is solely at fault, and the damages of my client exceeds the amount that constitute the limits of his policy in effect at that time, your insured is faced with certain excess exposure.

A copy of the November 29, 2022, letter (without voluminous enclosures) is attached as Exhibit "D" hereto. Defendant has redacted all but the necessary language regarding the amount in controversy, as the letter was sent for settlement purposes and the language of the letter and attachments contain potentially protected and/or private health information. Defendant avers that the quantum of the demand and the affirmative assertion by plaintiff of damages exceeding the jurisdictional requirements is sufficient to establish the jurisdiction of this Court. However, if the court deems appropriate, the letter can be produced *in camera*, under seal or as otherwise instructed by Your Honor.

16.

In light of the foregoing, plaintiff clearly claims damages of more than $75,000 exclusive of interest and costs, and within the requirements for diversity jurisdiction. UFCC does not intend to state nor admit in this removal pleading that plaintiff is entitled to any recovery of damages and does not judicially admit that the damages in this matter are more than $75,000.

**COMPLIANCE WITH REMOVAL REQUIREMENTS**

17.

This Notice of Removal is being filed within thirty (30) days after the receipt by the

removing Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim or relief upon which such action or proceeding is based.

18.

The Removing Party represents that promptly upon filing of this Notice of Removal, it will give written notice thereof to the Plaintiffs and shall file a copy of the Notice of Removal with the Clerk of the Civil District Court for the Parish of Orleans, State of Louisiana, wherein said state court action is now pending. A copy of said notice is attached hereto as Exhibit "E".

19.

As set forth above, to the extent necessary, the Removing Party has obtained the written Consent of all named defendants as evidenced by Exhibit C.

20.

A list of all parties and attorneys to this proceeding and Corporate Disclosure on behalf of UFCC are being filed herein as well.

## JURY DEMAND

Defendant herein requests a trial by jury on all issues so triable herein.

## PRAYER FOR REMOVAL

**WHEREFORE**, United Financial Casualty Company, respectfully prays that the above referenced matter now pending in Civil District Court for the Parish of Orleans, entitled "*Terrence Pollard v. Robert Massey, Black Sheep Trucking, LLC, and United Financial Casualty Company,* bearing Suit No. 2023-00231-G be removed and proceed in this Court as an action properly removed. United Financial Casualty Company further prays that the Civil District Court for the Parish of Orleans take no further action pursuant to 28 USC 1446 (D). United Financial Casualty Company further prays for all just and equitable relief as allowable.

Respectfully submitted,

**BARRY & COMPANY, LLC**

/s/ *STEPHEN R. BARRY*
STEPHEN R. BARRY (#21465)
*A Professional Law Corporation*
DAPHNE P. MCNUTT (#20292)
W. BRIGGS SCOTT (#36013)
612 Gravier Street
New Orleans, Louisiana
Tel: (504) 525-5553
Email: sbarry@barrylawco.com
Email : dmcnutt@barrylawco.com
Email: bscott@barrylawco.com
***Attorneys for Robert Massey, Black Sheep Trucking, LLC, and United Financial Casualty Company***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of February, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record that are registered with the Court's CM/ECF system or by electronic mail, facsimile and/or United States Mail, postage prepaid.

/s/ *Stephen R. Barry*
STEPHEN R. BARRY